## Joseph J. Sullivan, Appellee, v. A. H. Andrews Company, Appellant.

### Gen. No. 22,361.    (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. HENRY B. EATON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded. Opinion filed May 29, 1917.

### Statement of the Case.

Action by Joseph J. Sullivan, plaintiff, against the A. H. Andrews Company, a corporation, defendant, to recover a commission on the sale of theater chairs under an oral contract. Plaintiff claimed that he was to have any excess over the catalogue price, and defendant that the sale was "f. o. b." the factory and that the price was to be net to it and did not include the cost of installing the chairs. - From a judgment for plaintiff, defendant appeals.

GREGORY & McNAB, for appellant; ALBERT S. LONG, of counsel.

JOHN C. TRAINOR, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1.  MASTER AND SERVANT, § 66*—*when burden of proving contract for commissions is on plaintiff.* In an action to recover commissions on the sale of goods under an oral contract, the burden of proving the contract under which he claims is on plaintiff.

2.  EVIDENCE, § 475*—*what does not constitute preponderance of.* In an action to recover commissions under an oral contract where

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the only persons having knowledge of the terms of the contract are plaintiff and defendant's agent, with whom it is claimed to have been made, and their evidence conflicts, *held* that a meeting of minds as to the terms and the preponderance of the evidence in plaintiff's favor were doubtful.

3. APPEAL AND ERROR, § 1772*—*when case reversed because of conduct of counsel.* In an action to recover on an oral contract in which the evidence as to the meeting of the minds is doubtful, and there is a direct conflict of evidence between the only persons having knowledge of the terms of contract, a judgment for plaintiff will be reversed where his counsel persistently endeavored, in the face of adverse rulings by the court, to bring prejudicial matter before the jury, both in his examination of the witnesses and in his argument to the jury.